UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY ROOT,

                    Plaintiff,                          Case No. 1:25-cv-1324

v.                                                      Honorable Maarten Vermaat

UNKNOWN JOHNSON,

                    Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner. The Court will grant Plaintiff leave to proceed *in forma pauperis.* Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.7.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss part of Plaintiff's complaint for failure to state a claim. Additionally, the Court will deny without prejudice Plaintiff's "Motion for Assignment of Cases for Trial." (ECF No. 4.)  Plaintiff's First Amendment Free Exercise Clause claim remains in the case.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues LCF "Unit Housing Officer Unit

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

B-3" **Unknown Johnson** in his official capacity and individual capacity. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on April 8, 2025, Defendant told Plaintiff, as well as other Muslim inmates, that Defendant would no longer allow them to pray "in any area of the Unit." (*Id*., PageID.4.) Defendant explained that he was "tired of seeing you people with your fu--- asses in the air." (*Id*. (alteration in original).) Plaintiff told Defendant that pursuant to the MDOC's policy directive, Plaintiff was allowed to pray in the unit, but Defendant asserted that no such policy existed. (*Id*.)

After Defendant Johnson's comments, Plaintiff contacted the Prison Rape Elimination Act hotline and "requested a formal sexual harassment investigation." (*Id.*, PageID.5.)

Based on the foregoing, the Court construes Plaintiff's allegations regarding Defendant's restriction on prayer to raise a First Amendment Religious Exercise Clause claim and a claim under the Religious Land Use and Institutionalized Persons Act. Additionally, the Court construes Plaintiff's allegations regarding Defendant's reference to Plaintiff's buttocks to raise an Eighth Amendment sexual harassment claim. Plaintiff seeks monetary damages in the amount of $150,000. (*Id*., PageID.6.)

## II.    "Motion for Assignment of Cases for Trial"

This action is before the Court for preliminary screening, after which it will be referred to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program. Plaintiff filed a motion seeking "assignment" of this case for trial. (ECF No. 4.) At this time, this request is premature. Therefore, this Court will deny Plaintiff's motion without prejudice.

## III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.      **First Amendment Free Exercise Clause Claim**

Plaintiff alleges that Defendant Johnson violated Plaintiff's right to practice his religion when Defendant told Plaintiff, who is Muslim, that Plaintiff could no longer pray "in any area of the Unit." (Compl., ECF No. 1, PageID.4.) Plaintiff asserts that this violated his First Amendment right to religious exercise. (*Id*., PageID.5.)

The First Amendment provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Accordingly, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish (1) that the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) that Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

Plaintiff alleges that Defendant told Plaintiff that he was not allowed to pray "in any area of the Unit." (Compl., ECF No. 1, PageID.4.) As this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to Plaintiff. Under these

circumstances, at this early stage of the proceedings, the Court will not dismiss Plaintiff's First Amendment free exercise claim.

### B.    Religious Land Use and Institutionalized Persons Act Claim

Plaintiff also asserts that Defendant's actions violated Plaintiff's rights under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, but that Act does not apply to state governments. *See Gerber v. Herskovitz*, 14 F.4th 500, 510 (6th Cir. 2021). The Court will construe Plaintiff's allegations as raising a claim for violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a). In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). "The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7).

"RLUIPA creates a burden-shifting framework for assessing prisoner claims." *Ackerman v. Washington*, 16 F.4th 170, 179 (6th Cir. 2021) First, a prisoner-plaintiff must show that (1) his "desired religious exercise is motivated by a 'sincerely held religious belief'" and (2) "the government is substantially burdening that religious exercise." *Id.* (citing *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019)). "If the prisoner successfully shows the state substantially burdens a sincere religious belief, the burden shifts to the government to justify the burden on the religious adherent under the 'daunting compelling interest and least-restrictive-means test,' with a slight twist." *Id.* (quoting *Cavin*, 927 F.3d at 458). That is, "[c]ourts must give 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of

7

costs and limited resources.'" *Id.* at 179–80 (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)).

The phrase "substantial burden" is not defined in RLUIPA. The Sixth Circuit has relied upon the Act's legislative history to conclude that the term has the same meaning under RLUIPA as provided by the Supreme Court in its "free exercise" decisions. *Living Water Church of God v. Charter Twp. Of Meridian*, 258 F. App'x 729, 733–34 (6th Cir. 2007). In *Living Water*, the Sixth Circuit stated that "the Supreme Court has made clear that the 'substantial burden' hurdle is high." *Id*. at 734. "[A] 'substantial burden' is a difficult threshold to cross." *Id.* at 736. "[A] 'substantial burden' must place more than an inconvenience on religious exercise." *Id.* at 739 (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)). A particular government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult . . . ." *Id*.

Accordingly, a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water*, 258 F. App'x at 733–34 (citations omitted). Thus, under the First Amendment or RLUIPA, Plaintiff must allege that his sincerely held religious beliefs have been substantially burdened.

Further, RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd, Sossamon v. Texas*, 563 U.S. 277 (2011);[2]  *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th

---

[2] The United States Supreme Court granted certiorari only on the question of "[w]hether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

8

Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[3]

Moreover, RLUIPA does not permit damages claims against prison officials in their official capacities. A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In *Sossamon*, 563 U.S. 277, the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Therefore, although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA.

Here, Plaintiff sues Defendant in his individual capacity and official capacity seeking monetary damages. However, as explained above, Plaintiff may only raise a RLUIPA claim for injunctive or declaratory relief against Defendant in his official capacity. Therefore, the Court will dismiss Plaintiff's RLUIPA claim against Defendant in both his individual capacity and official capacity.

---

[3] In *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id*. at 567–69. The Sixth Circuit stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

### C.      Eighth Amendment Claim

Plaintiff alleges that Defendant explained the prayer restriction by stating that he was "tired of seeing you people with your fu--- asses in the air." (Compl, ECF No. 1, PageID.4.) Plaintiff felt that this was sexual harassment and it caused Plaintiff to worry that "someone [wa]s watching [him] in a sexual manner" when he prayed. (*Id*.) The Court will construe Plaintiff's allegations as raising an Eighth Amendment claim.

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). However, in the context of claims against prison officials, the Sixth Circuit has repeatedly held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not necessarily rise to constitutional dimensions. *See, e.g.*, *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (concluding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (finding that verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

Further, some courts, including the Sixth Circuit, have held that minor, isolated incidents of sexual touching coupled with offensive sexual remarks also do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005)

10

(concluding that correctional officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (holding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (finding that, where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault).

In contrast, repeated and extreme incidents may sufficiently state a claim. For example, the Sixth Circuit found an Eighth Amendment violation when a male prison official sexually harassed a female prisoner by demanding on multiple occasions that the prisoner expose herself and masturbate while the official watched and intimidated her into complying. *Rafferty*, 915 F.3d at 1095–96. The *Rafferty* court noted that, in light of the coercive dynamic of the relationship between prison staff and prisoners, such demands amount to sexual abuse. *Id.* at 1096.

*Rafferty*, however, is distinguishable from Plaintiff's claim. Here, Plaintiff alleges that on one occasion, Defendant told Plaintiff and a group of other individuals that they could no longer pray in the unit because Defendant was "tired of seeing you people with your fu--- asses in the air." (Compl., ECF No. 1, PageID.4.) Nothing in the complaint suggests that Defendant physically touched Plaintiff, and unlike in *Rafferty*, Plaintiff's allegations do not suggest that Defendant made the sexual remark on more than one occasion or that the remarks were made in a private or personal setting. (*See id.*)

Under these circumstances, Defendant's remark, which was made on one occasion, while offensive and unprofessional, does not evidence the sort of repeated, coercive sexual demands at

issue in *Rafferty*. As a result, the alleged verbal sexual harassment falls short of the severity necessary to state an Eighth Amendment claim. *See Rafferty*, 915 F.3d at 1095–96.

Accordingly, for these reasons, Plaintiff's Eighth Amendment claim against Defendant will be dismissed for failure to state a claim.

### Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Further, having conducted the review required by the PLRA, the Court determines that it will dismiss, for failure to state a claim, Plaintiff's RLUIPA claim and Eighth Amendment claim. Plaintiff's First Amendment Free Exercise Clause claim remains in the case. The Court will also deny without prejudice Plaintiff's "Motion for Assignment of Cases for Trial." (ECF No. 4.)

An order consistent with this opinion will be entered.

Dated:  June 18, 2026

/s/ *Maarten Vermaat*

Maarten Vermaat
United States Magistrate Judge